FRANK T. STAPLES ET AL. *vs.* PHILIP E. HENDRICK.

Second Judicial District, Norwich, October Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Merely taking judgment against the maker of a promissory note and
placing a judgment lien upon his land does not *ipso facto* operate
as a discharge of the indorser, if there has been no satisfaction of
the indebtedness.

Our rules (Practice Book, pp. 237, 238, §§ 119, 124) provide that all or
any of those persons who are severally and immediately liable on
bills or notes, may be joined as defendants, and that a judgment
without satisfaction against one shall not bar a suit against another.

Until 1833 the foreclosure of a mortgage operated as a bar to any sub-
sequent action on the note. The right of a mortgagee to a de-
ficiency judgment was then created by statute (Public Acts of 1833,
Chap. 18) and has ever since existed, but it has always been, and
still is, coupled with a provision for fixing the actual value of the
property foreclosed, and for making such valuation obligatory
upon the parties in determining the amount of an alleged deficiency.

In 1887 the trial court was permitted, at its discretion, to order a sale
of the property instead of rendering a decree of strict foreclosure,
and § 6 of the Act, now § 4146 of the General Statutes, provided
that if the proceeds of the foreclosure sale were not sufficient to
pay in full the amount "secured by any mortgage or lien thereby
foreclosed," a deficiency judgment might be rendered; but that if
the property had been sold for less than the appraisal, no judgment
should be rendered in that suit or in any other for the unpaid
portion of the debt or debts of "the party or parties upon whose
motion the sale was ordered," nor should such unpaid portion be
collected by any other means until one half of the difference be-
tween the appraisal value and the selling price had been credited
upon such debt or debts as of the date of the foreclosure sale. *Held*
that the apparent object of this section was to attach, under certain
circumstances, a condition to the allowance of a deficiency judg-
ment, or to the collection in any other manner of the unpaid portion
of the debt or debts "secured by the mortgage or lien thereby
foreclosed," and that such a condition, as applied to a foreclosing
plaintiff who requested a foreclosure by sale, was just and reason-
able, and in accord with the practice in cases of strict foreclosure,
where the plaintiff was bound to apply the appraised value of the
property in payment of his debt *pro tanto;* but that there was no
good reason to extend these provisions to subsequent mortgagees

and lienors who had been cited into a foreclosure suit simply to have their rights of redemption extinguished, and who had asked for a foreclosure by sale merely as a protection against the burden of being required to redeem the plaintiff's mortgage; and that as to them the condition in question did not apply.

The case of *Couch* v. *Waring*, 9 Conn. 261, explained and distinguished.

Argued October 21st, 1914—decided February 23d, 1915.

ACTION by the indorsees of a promissory note against the indorser, brought to and tried by the Superior Court in New London County, *Shumway, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *Error and new trial ordered.*

*Thomas M. Shields*, for the appellants (plaintiffs).

*Charles V. James*, for the appellee (defendant).

BEACH, J.  The defendant indorsed to the plaintiffs a promissory note for $600 made by one F. G. Hendrick to the order of the defendant.  The note was dishonored, and the plaintiffs recovered judgment against the maker and filed a judgment lien against certain lands of his, which were subject to a prior mortgage in favor of the Jewett City Savings Bank.  The bank brought a suit to foreclose its mortgage and made the plaintiffs parties, and the plaintiffs moved for a foreclosure by sale, which was ordered.  The property was appraised, pursuant to the statute, at $16,900, and was thereafter sold for $10,000, and the court rendered a deficiency judgment in favor of the Jewett City Savings Bank for $4,148.62.

The defendant claimed, and the Superior Court held, that the taking of judgment and filing a judgment lien discharged the indorser from his obligation on the note; and also that, under § 4146 of the General Statutes, the plaintiffs, on whose motion the sale was ordered, were barred against bringing any action to collect the debt

against the maker, until one half the difference between the appraised value of the land and its selling price has been credited on the debt. Such a credit would wholly extinguish the plaintiffs' claim against the maker, and therefore the court held that the indorser's liability was gone.

The ruling that the taking of judgment and filing a judgment lien upon the maker's land operated, *ipso facto*, as a discharge of the indorser, rests upon a misunderstanding of the case of *Couch* v. *Waring*, 9 Conn. 261. In that case the holder of the note obtained judgment by default against the maker, who succeeded in staying the collection of the judgment for three or four years by proceedings in chancery. The chancery suit was then abandoned, and judgment was rendered in the original action on the note for the amount of the former recovery, with interest, so far as the *ad damnum* clause in the original declaration would permit. The amount demanded was not, however, large enough to include the whole of the interest which had accumulated during the delay, and as to this deficiency the indorser was held to be discharged, because it was due to the plaintiff's voluntary act in omitting to make his original demand large enough. In this case there has been no satisfaction of the judgment against the maker. The filing of a judgment lien was only the first step in a special kind of execution which might or might not result in full or partial satisfaction.

Section 124 of the rules under the Practice Act (Practice Book, 1908, p. 238) provides that where the plaintiff may, at his option, join several as defendants, or sue them separately, judgment without satisfaction against one shall not bar a suit against another; and § 119 (p. 237) expressly provides that the maker and indorser of a promissory note may be sued jointly. These sections cover the present case so far as the

effect of the judgment and judgment lien are concerned.

The other ruling of the court brings up the question whether § 4146 requires the plaintiffs, before collecting the judgment, to credit thereon one half of the difference between the appraised value and the selling price of the land sold under the decree in the foreclosure suit.

Prior to 1833 the foreclosure of a mortgage operated as a bar to any subsequent action on the note. *Derby Bank* v. *Landon,* 3 Conn. 62; *Swift* v. *Edson,* 5 Conn. 531, 534, 535. Chapter 18 of the Public Acts of 1833 removed this bar, and ever since then the right of a mortgagee to a deficiency judgment after strict foreclosure, has always been coupled, in this State, with some provision for fixing the actual value of the property as of the date of the foreclosure, and for making that valuation a conclusive basis for determining the existence and amount of any claimed deficiency. Rev. 1849, Title 12, Chap. 3, p. 341, § 27; Rev. 1866, Title 18, Chap. 3, p. 396, § 28; Rev. 1875, Title 18, Chap. 7, p. 358, § 2; General Statutes of 1888, § 3011; General Statutes of 1902, § 4124.

The plain object of these provisions is to require a mortgage creditor, who appropriates the property in part payment only of his debt, to apply the actual value of the security to the debt before collecting any claimed deficiency. When, in 1887, mortgages were permitted to be foreclosed by sale, at the discretion of the court, similar provision was made for fixing the actual value of the premises by an appraisal. For some reason this appraisal was made binding only on those upon whose motion the sale was ordered. Public Acts of 1887, Chap. 109, p. 725. The statute has remained in the same form down to the present time. General Statutes, 1888, §§ 3023, 3028; General Statutes, 1902, §§ 4141, 4146.

Staples *v.* Hendrick.

In the case exhibited by this record, the difference between the appraisal and the sale price was $6,900, and the amount realized was insufficient to satisfy the first mortgage, so that no part of the plaintiffs' judgment lien was paid. As the plaintiffs' lien was for less than $700, the application of § 4146 to their case would produce the result that a judgment creditor who sought to execute his judgment by foreclosure, instead of by an ordinary execution, would find that because he asked for a foreclosure by sale his judgment debt might be wiped out without any partial payment at all.*

* Sections 4145 and 4146 are as follows:—

§ 4145. *Disposal of proceeds of sale.* The proceeds of every such sale shall be brought into court, there to be applied if the sale be ratified, in accordance with the provisions of a supplemental judgment then to be rendered in said cause specifying the parties who are entitled to the same and the amount to which each is entitled; and if any part of the debt or obligation secured by the mortgage or lien foreclosed, or by any subsequent mortgage or lien, was not payable at the date of the judgment of foreclosure, it shall nevertheless be paid as far as may be out of the proceeds aforesaid as if due and payable, with rebate of interest, however, where such debt was payable without interest.

§ 4146. *When proceeds of sale will not pay in full.* If the proceeds of such a sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in said cause for such deficiency against any party liable to pay the same who is a party to the cause and has been duly served with process or appeared therein, and all persons liable to pay the debt secured by such mortgage or lien may be made parties; but all other proceedings theretofore or meanwhile begun for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and if a deficiency judgment is finally rendered therein, such other proceedings shall forthwith abate. If the property shall have sold for less than the appraisal provided for in § 4142, no judgment shall be rendered in that suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means until one-half of the difference between said appraised value and said selling price has been credited upon such debt or debts as of the date of sale; and when there are two or more debts to which it is to be applied it shall be apportioned between them.

We are of opinion that the credit directed to be made in § 4146, of one half the difference between the appraised value and the selling price, is a credit to be made on the debt or debts secured by the mortgage or lien foreclosed, as distinguished from any subsequent mortgage or lien.   The legislature, in § 4145, uses the phrase "the mortgage or lien foreclosed" as not including "any subsequent mortgage or lien."   Section 4146, in dealing with the contingency of an insufficiency of proceeds of the sale, is in terms limited to the case of such an insufficiency to pay in full "any mortgage or lien thereby foreclosed," and says nothing about subsequent mortgages or liens.   We must suppose this difference to have been intentional, and that the phrase last quoted is used in both sections in the same limited sense.   There is nothing in § 4146 which indicates that it refers to subsequent mortgages or liens, unless such an indication may be suggested by the italicized words in the phrase, "no judgment shall be rendered in that suit or in any other for the unpaid portion of the debt *or debts* of the party *or parties* upon whose motion the sale was ordered," etc.   At first reading these words seem to include debts secured by subsequent mortgages or liens; but a moment's reflection will show that the context is not consistent with that construction, for in a foreclosure by sale, as between successive liens of different rank, each of which is entitled to be paid in full before the next is paid at all, there can be but one debt left with an "unpaid portion," in respect of which a deficiency judgment can be claimed.   It is therefore probable that the plural number was used in this connection not to include subsequent successive liens, but to provide for the case of a suit to foreclose several liens of the same rank, such as mechanics' liens of subcontractors, which, under § 4138, would be entitled to share proportionately in the proceeds of a foreclosure

by sale in case the fund was insufficient to pay all in full.

Any party to the action may, under § 4141, move for a foreclosure by sale, and this is as it should be, for otherwise the holder of a small mechanic's lien might be required to redeem a large prior mortgage in order to attempt to realize on his security. In the case exhibited by this record, the plaintiffs would have been compelled, under a strict foreclosure, to redeem a $14,000 mortgage in order to hold on to their security for a $600 judgment lien. Practically speaking, the cost of exercising the privilege of redemption in such a case may be prohibitive; and it may be that one of the reasons for authorizing any party to ask for a foreclosure by sale was to give the owner of a relatively modest subsequent incumbrance the chance of realizing on his security without first redeeming the mortgage or lien sought to be foreclosed. We do not think the legislature intended in such cases to punish a subsequent mortgagee or lienor to the possible extent of preventing the collection of his entire debt, simply because he asked for a sale which turned out to be disappointing to himself as well as to all other parties in interest.

The apparent object of § 4146 is to attach a condition, under certain circumstances, to the allowance of a deficiency judgment, or to the collection in any other manner of the unpaid portion of the debt or debts secured by the mortgage or lien thereby foreclosed. There is good reason for such a condition, for as it is reasonable and in accordance with established practice in cases of strict foreclosure to require (in case any party desires it) a foreclosing plaintiff who appropriates the property in part satisfaction only of his debt, to apply the appraised value of the property on the debt before claiming a deficiency judgment for the amount of any alleged deficiency,—so it is reasonable to require a

foreclosing plaintiff who asks for a foreclosure by sale, with a view to the possibility of obtaining a deficiency judgment in the same action, to bear a moiety of any shrinkage in the appraised value resulting from such a sale.

We cannot, however, perceive any good reason for extending the provisions of § 4146 to subsequent mortgagees and lienors who have been cited into a suit for a strict foreclosure simply to have their rights of redemption extinguished, and who ask for a foreclosure by sale by way of protection against the burden of being required to redeem the plaintiff's mortgage; and there is nothing in the language of the section which requires us to so extend it.

There is error and a new trial is ordered.

In this opinion the other judges concurred.