German *v.* Gallo.

ELIZABETH GERMAN *vs.* GUISEPPE GALLO ET AL.

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

The maker and indorser of a promissory note may be sued either jointly or separately, and a judgment without satisfaction against one does not bar a suit against the other.

A suit to foreclose a mortgage, and an action on the mortgage note, are separate and distinct causes of action; but under § 5196 of the General Statutes, both remedies may be pursued in the foreclosure suit at the plaintiff's option.

The holder of a mortgage note may bring a separate action against an indorser to recover an unpaid balance due thereon, although in a suit for strict foreclosure he had obtained a deficiency judgment against the maker without asking for one against the indorser, who was also a party thereto.

Argued April 10th—decided June 2d, 1924.

ACTION by the indorsee against the indorsers of a promissory note, brought to the Superior Court in New Haven County where a demurrer to the "special defense" was sustained (*Wolfe, J.*) and the cause was afterward tried to the court, *Jennings, J.;* facts found and judgment rendered for the plaintiff for $5,680, and appeal by the defendants. *No error.*

The material facts, as alleged in the complaint and found by the court, are these: One Rebecca Stone, to secure her promissory note of $7,000, payable in instalments of $300 every six months, mortgaged certain premises to the defendants Gallo and Russo. Defendants indorsed and assigned the note and mortgage to the plaintiff for a valuable consideration. Thereafter Rebecca Stone failed to pay an instalment on the note when it became due, and for thirty days thereafter; whereby the entire unpaid balance of the note became due and payable on demand, according to its terms.

On December 24th, 1921, the note was presented for payment and payment demanded of Rebecca Stone, who refused to pay the same. On December 26th, 1921, the intervening day being Christmas, the defendants were notified of the presentment and dishonor and that plaintiff would look to them for payment, and they also refused to pay the note. In January, 1922, plaintiff brought an action of foreclosure against Rebecca Stone and the defendants, in which a judgment of strict foreclosure was rendered, which became absolute by the failure of any party to redeem. The property was duly appraised under the statute, and by reason of prior incumbrances the value of the property available for the satisfaction of the plaintiff's mortgage was reduced to such a sum that about $5,000 remained due thereon, for which amount the plaintiff asked and obtained a deficiency judgment against Rebecca Stone. There were not sufficient allegations in the complaint in the foreclosure suit to charge the present defendants as indorsers, and no claim was made against them in the application for a deficiency judgment.

Defendants filed a special defense based on the theory that the plaintiff by electing to take her deficiency judgment in the foreclosure proceedings against Rebecca Stone alone, was debarred from afterward suing the defendants, as indorsers on the note for the unpaid balance due thereon. A demurrer to the special defense was sustained (*Wolfe,* J.) and, after trial, judgment was rendered for the plaintiff to recover of the defendants the unsatisfied balance of the mortgage debt with interest and costs. From this judgment the defendants appeal, and assign as error the ruling of the court sustaining the demurrer to the special defense, and the subsequent rulings of the trial court based thereon. Other reasons of appeal are not pursued on the brief.

*Lawrence L. Lewis*, with whom, on the brief, was *Charles W. Bauby*, for the appellants (defendants).

*William W. Gager*, with whom was *Edward Mascolo*, for the appellee (plaintiff).

BEACH, J.   The only question of law presented on the appellants' brief is whether the defendants, being indorsers on the mortgage note, are relieved from responsibility by the action of the plaintiff in taking a deficiency judgment against the maker, only, without asking for a deficiency judgment against the indorsers in the same proceeding.   This is the question which was presented by the special defense, and it was answered in the negative by *Judge Wolfe's* decision sustaining the demurrer thereto, as well as by the trial court in rendering judgment for the plaintiff.

The defendants' claim is that the plaintiff having joined both the maker and the indorsers of the mortgage note in the foreclosure suit, ought to have joined the indorsers as defendants in the ancillary proceeding asking for a deficiency judgment; in short, that the plaintiff, having elected to join the indorsers in the foreclosure suit, cannot thereafter split her cause of action for a deficiency judgment, but must pursue all parties liable on the note in the same action.   No Connecticut case is referred to in support of this claim, and the cases cited from other jurisdictions are those in which the plaintiff, having joined all the makers of the same note in one action, took judgment against one only.   The distinction is plain.   In the cases cited all the defendants were liable as principals on the same promise to pay.   In this case the indorsers are liable as sureties on the maker's promise to pay, and this contract is separate and distinct from that of the maker.

. Besides, it is found that the allegations of the complaint in the foreclosure suit were not sufficient to hold

these defendants as indorsers; they were joined in that action to prevent the judgment of strict foreclosure from operating as a bar to a further action against them upon the mortgage note. General Statutes, § 5196.

Finally, the question is one of local procedure, and our practice is well settled not only by authority but by the rules of court. As to authority, see *Staples* v. *Hendrick*, 89 Conn. 100, 93 Atl. 5. Rule 159 (Practice Book, p. 278), provides that where the plaintiff may at his option join several as defendants, or sue them separately, judgment without satisfaction against one shall not bar a suit against another. It is elementary that the maker and indorser may be sued separately. They may also be sued jointly. Rule 155, Practice Book, p. 278. In this State the foreclosure suit and the action on the note have always been treated as separate and distinct causes of action. *Staples* v. *Hendrick*, 89 Conn. 100, 93 Atl. 5. But both causes of action may be pursued in the foreclosure suit at the plaintiff's option. General Statutes, § 5196.

It follows that the plaintiff might join the indorsers in the foreclosure suit solely to prevent the decree of strict foreclosure from operating as a bar to a further suit against the indorsers on the note; and if the debt were not fully satisfied by the foreclosure, she might thereafter bring separate actions against the maker and indorsers on the note. It can make no difference that she elected to pursue her action against the maker of the note in a proceeding ancillary to the decree of foreclosure. As the debt was not satisfied by taking the deficiency judgment against the maker, the indorsers are still liable in a separate action. *Staples* v. *Hendrick, supra*.

There is no error.

In this opinion the other judges concurred.