Ford *v.* Dunn.

---

LAURA E. FORD *vs.* MARY E. DUNN, EXECUTRIX.

Third Judicial District, Bridgeport, October Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The maker and indorsers of a promissory note may be sued either jointly or separately, and a judgment without satisfaction against one does not bar a suit against the others.

A testator, after providing that his wife should receive the life use of one third of the estate, bequeathed all his stock in the Burns Company to his business associate, B, on condition that B pay his estate $25,000 and assume all obligations of the Burns Company "for which liability might attach against my estate; excepting, however, the payment of those outstanding notes of the Burns Company which have been indorsed by the said B, and by me, jointly," as to which notes, "it is my will that one-half of the indebtedness thereon shall be paid by my estate and the said Burns Company saved harmless therefrom." B accepted the terms of the gift, and the executrix thereafter filed her account in which she credited herself with the payment of one half of the notes, referred to in the will, as ante-mortem claims. The Court of Probate allowed the account, overruling the widow's contention that the direction in the will concerning the payment of the

Ford *v.* Dunn.

notes was, in effect, a bequest to the Burns Company, and that, therefore, they were not deductible as ante-mortem claims from the gross estate in calculating her fractional share. *Held:*

1. That the ruling of the Court of Probate was correct, since the obligations of the testator upon the notes were binding upon him and his estate, and neither were, nor could be, altered by his will.

2. That, in determining this question, evidence of the origin of the indebtedness represented by the notes was relevant and admissible.

Argued November 11th, 1924—decided January 13th, 1925.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Milford accepting the administration account of the defendant executrix, taken to and reserved by the Superior Court in New Haven County, *Brown, J.*, upon an agreed statement of facts, for the advice of this court.

Following are facts agreed upon: Theodore B. Ford, late of the town of Milford, county of New Haven and State of Connecticut, died on February 2d, 1920, leaving a last will and testament, which was duly admitted to probate by the Court of Probate for the district of Milford on February 11th, 1920. The appellant, Laura E. Ford, is the widow of said deceased, and section eight of the will of said deceased provides as follows: "Eighth. After there shall have been set out to my wife her statutory share of my estate, to wit, the life use of an undivided one-third, and after the payment of the legacies and devises hereinbefore mentioned, I give all the remainder of my property, including lapsed bequests and the sums received under sections third, fourth, and fifth of this my will, to my sister, Mary E. Dunn of Brooklyn, N. Y., in trust for the following purposes: to hold, invest and reinvest the same, with full power as such trustee and without the order of any court to sell, convey and mortgage the whole, or any part, of the real or personal estate thereto belonging, by deed or other proper instrument of sale, conveyance or mortgage, and to retain

and pay to herself for her own use the sum of two hundred ($200) dollars per month during the term of her life, commencing from the date of my death. If the income is insufficient for that purpose, such part of the principal shall be used as may be needed to make such monthly payments."

Mary E. Dunn, of Brooklyn, N. Y., was on February 11th, 1920, duly appointed executrix on the estate of the deceased, Theodore B. Ford, and his estate was inventoried and appraised at the sum of $256,779.79. Among the assets of Theodore B. Ford's estate, inventoried and appraised, were four hundred and ninety-nine shares of the capital stock of a corporation known as the Burns Company. The four hundred and ninety-nine shares of capital stock of the Burns Company were inventoried and appraised at $64,870.

On February 2d, 1920, the date of the death of Theodore B. Ford, there were outstanding notes of the Burns Company to the amount of $53,500, which notes had been endorsed by George Burns and Theodore B. Ford, jointly, and were the same notes referred to in the third paragraph of the will of the deceased. These notes and the interest charged thereon to December 31st, 1923, amounted to $67,894.94.

The third and fourth paragraphs of the will of Theodore B. Ford provide as follows: "Third. I give to George Burns of said Bridgeport, all my interest and corporate holdings in the Burns Company, a Connecticut corporation located in said Bridgeport, provided, however, that he shall pay to my executor the sum of twenty-five thousand ($25,000) dollars in cash, and personally assume all outstanding debts and liabilities of said The Burns Company for which liability might attach against my estate; excepting, however, the payment of those outstanding notes of The Burns Company which have been endorsed by the said George

Burns and by me, jointly. As to these notes, if said Burns shall elect to take my interest in The Burns Company as aforesaid, it is my will that one-half of the indebtedness thereon shall be paid by my estate and said The Burns Company saved harmless therefrom. The said George Burns shall have one year from the probating of my will within which to accept or reject this gift upon the terms herein contained; and his decision to accept must mean the payment of said sum of twenty-five thousand ($25,000) dollars in cash. Should he not accept this gift, it shall lapse and be disposed of as part of the residue of my estate. If said Burns does not survive me, or should die after my death and before having fulfilled the conditions of this gift by payment as aforesaid, this gift shall lapse and said property shall be disposed of as residuary estate.

"Fourth. I also give to said George Burns my undivided one-half interest in all land and buildings jointly owned by us in said Bridgeport, provided he shall pay to my executor within a year from the date of the probating of my will the sum of fifteen thousand ($15,000) dollars in cash, and shall further assume and agree to pay the notes referred to in the third section of this my will, in which event the direction in said third section to pay one-half of said notes from my estate shall become of no effect. Should he not accept this devise upon said terms, or should he fail to make said payment in cash and to save my estate harmless from said notes within the year as aforesaid this gift shall lapse and said property become a part of my residuary estate.

"My purpose in making the provisions in this and the foregoing section is this; that if said Burns shall take my interest in The Burns Company, but shall not take my interest in the land owned jointly by us, then by reason

of the nature and form of our joint undertakings I deem it but fair that one-half of said notes shall be assumed by my estate. But if he receives the benefit of said land, whether he takes my Burns Company stock or not, I deem it but fair that he should save my estate harmless from all liability upon said notes. If he should not survive me, or after my death should die before having fulfilled the conditions of this gift by payment as aforesaid, this gift shall lapse and said property become a part of my residuary estate."

On February 9th, 1921, George Burns paid to Mary E. Dunn, executrix of the last will and testament of Theodore B. Ford, deceased, $25,000, and gave notice of his acceptance of the gift and bequest provided by article third of the last will and testament of Theodore B. Ford, deceased. On February 11th, 1921, George Burns declined to accept the devise given and devised unto him under the provisions of article fourth of the will and testament of Theodore B. Ford, deceased.

The Bridgeport Trust Company duly presented its claim against the estate of Theodore B. Ford in the matter of the notes referred to in paragraph three of the will of Theodore B. Ford, amounting to $53,500, with interest.

On March 17th, 1924, the Court of Probate for the district of Milford made its order and decree, allowing, accepting and ordering on record the administration account of Mary E. Dunn, executrix on the estate of Theodore B. Ford. The first item on the credit side of the account is "ante mortem claims $86,706.44," being made up of an item of the Bridgeport Trust Company, "$53,500 and interest to Dec. 31, 1923—one-half in settlement of claim of Bridgeport Trust Co. and Burns Co., $33,947.47," together with other items.

The item of $33,947.47 is one half of the amount of the notes of the Burns Company, which George Burns and Theodore B. Ford endorsed jointly, with the interest charged thereon to December 31st, 1923, and are the same notes referred to in paragraph third of the will of Theodore B. Ford. These notes were discounted by the Bridgeport Trust Company and are still owned by the Bridgeport Trust Company and have not been paid. No part of this item of $33,947.47 has been paid by Mary E. Dunn, executrix, aforesaid.

The statements in the two following paragraphs of the agreed statement of facts are facts, and may be considered if admissible:

"29. The charge of the Burns Company against the estate of said Theodore B. Ford and said George Burns, jointly, for sums borrowed and taken by them and for indebtedness to it, are as follows:

|  | Charges in each year | Credit | Totals, end of each year |
|---|---|---|---|
| Year, 1914 | $    500.00 |  | $     500.00 |
| Year, 1915 | 7,500.00 |  | 8,000.00 |
| Year, 1916 | 33,509.91 |  | 41,509.91 |
| Year, 1917 | 11,951.15 |  | 53,461.06 |
| Year, 1918 |  | 5,026.90 | 48,434.16 |
| Year, 1919 | 9,351.38 |  | 57,785.54 |
|  | $62,812.44 | $ 5,026.90 | $57,785.54 |
| Credit deduction | 5,026.90 |  |  |
| Total | $57,785.54 |  | $57,785.54 |

and the indebtedness of The Burns Company to The Bridgeport Trust Company on notes of The Burns Company issued because of said sums so taken and borrowed by said Ford and Burns and their said indebtedness, said notes being endorsed by said Ford and Burns, was as follows:

Ford *v.* Dunn.

|  | Amounts borrowed | Amounts paid | Totals, end of each year |
|---|---|---|---|
| Year, 1915 | $16,500.00 |  | $16,500.00 |
| Year, 1916 | 34,300.00 |  | 50,800.00 |
| Year, 1917 | 7,700.00 |  | 58,500.00 |
| Year, 1918 |  | 15,000.00 | 43,500.00 |
| Year, 1919 | 10,000.00 |  | 53,500.00 |
|  | $68,500.00 | $15,000.00 | $53,500.00 |
| Credit deduction | 15,000.00 |  |  |
|  | $53,500.00 |  | $53,500.00 |

"30. The books of The Burns Company showed that in the years 1914, 1915, 1916, 1917, 1918, and 1919, there was no surplus or net profits sufficient to allow the said sum borrowed and taken from said The Burns Company by said Burns and Ford and for their said indebtedness to be declared as dividends by said company."

It is the claim of Laura E. Ford, the appellant, that the payment of the item of $33,947.47 to be made by the payment of the notes of the Burns Company, endorsed by George Burns and Theodore B. Ford, jointly, which notes are the notes referred to in the third paragraph of the will of Theodore B. Ford and in the stipulations, would be the payment of a bequest to the Burns Company and not the payment of a claim, and should not be allowed as a credit in the administration account of the executrix by being included in the ante mortem claims.

It is the claim of Laura E. Ford that if the item of $86,706.44 is allowed as a credit in the administration account of Mary E. Dunn, executrix as aforesaid, she, Laura E. Ford, will lose her rights in the life use of one undivided one third of a bequest to the Burns Company, set forth in the third paragraph of the will of Theodore B. Ford.

The questions upon which the advice of the Supreme Court of Errors is desired are as follows:

1. Should said item, $33,947.47, be allowed as an ante mortem claim against the said estate and as such be allowed as a credit in the administration account of said Mary E. Dunn, executrix, and should said Court of Probate allow the account of said executrix containing said item as a credit?

2. Would the payment, under the foregoing facts, of the said notes of the Burns Company, endorsed by the said George Burns and the said Theodore B. Ford, jointly, which notes are the notes referred to in the third paragraph of the will of the said Theodore B. Ford, and in the stipulations, be the payment of a bequest?

3. Under the foregoing facts, do the instructions of the testator, contained in paragraph three of said will, that his estate shall pay one half of the outstanding notes of the Burns Company which were endorsed by the said George Burns and the said testator, jointly, constitute a bequest to the Burns Company?

4. Is the said Laura E. Ford aggrieved by the order and decree of the Court of Probate allowing said item of $86,706.44 as a credit in the administration account of the said Mary E. Dunn, executrix, and in allowing, accepting, and ordering on record the administration account of the said Mary E. Dunn, executrix?

5. Is Laura E. Ford entitled to the life use of an undivided one third of said item of $33,947.47?

6. Are the facts set forth in paragraphs 29 and 30 relevant to and admissible on the issues raised by the foregoing questions 1, 2, 3, 4 and 5?

*Robert C. Stoddard,* for the plaintiff.

*Thomas M. Cullinan,* for the Burns Company.

*Carl Foster,* for the defendant.

*William A. Redden,* for George Burns.

Ford *v.* Dunn.

KELLOGG, J.   The controlling question to be answered in this reservation is whether the item of $33,947.47, being one half of the amount of the notes with interest, issued to the Bridgeport Trust Company by the Burns Company and endorsed jointly by George Burns and Theodore B. Ford, the defendant's intestate, shall be allowed as an ante mortem claim against the estate of Theodore B. Ford, or shall be treated as a bequest to the Burns Company under the provisions of the third paragraph of the will of Theodore B. Ford.   In order to arrive at a correct determination of this question, it is necessary to pass first upon the sixth question submitted to this court, that is, "are the facts set forth in paragraphs 29 and 30 in the above agreed statement of facts relevant to and admissible on the issues raised by the remaining questions submitted?"   We are of the opinion that the facts set forth in these paragraphs are necessary to ascertain clearly and determine the exact nature and origin of this claim of the Bridgeport Trust Company upon the notes of the Burns Company, held by it and endorsed jointly by George Burns and Theodore B. Ford, and are therefore relevant to and admissible on the other questions to be answered by this court.   It is set forth in these paragraphs as facts that during the years 1914 to 1919 Theodore B. Ford and George Burns borrowed and took from the Burns Company sums amounting to $57,785.54, and that because of these sums so taken and borrowed by Ford and Burns, the Burns Company issued its notes to the Bridgeport Trust Company during the years 1915 to 1919, amounting, with a credit deduction for a payment in 1919 of $15,000, to $53,500, being approximately the total amount borrowed and taken by Ford and Burns as stated above.

It must be without question that when the Bridgeport Trust Company accepted these notes of the Burns Company, so endorsed jointly by Ford and Burns, it

had a good and valid claim against the maker and endorsers of the notes, and could recover from all jointly or either party separately. Negotiable Instruments Act, General Statutes, § 4415. "The maker and indorser of a promissory note may be sued either jointly or separately, and a judgment without satisfaction against one does not bar a suit against the other. . . . It is elementary law that the maker and indorser may be sued separately. They may also be sued jointly." *German* v. *Gallo,* 100 Conn. 708, 711, 124 Atl. 837. "Persons severally and immediately liable on the same obligation or instrument, including parties to bills of exchange and promissory notes, and indorsers, guarantors, and sureties, whether on the same or by a separate instrument, may all, or any of them, be joined as defendants, and a joint judgment may be rendered against those so joined." Practice Book, Rule 154, p. 277.

The Bridgeport Trust Company, therefore, had the absolute right to demand payment of the entire amount of these notes with interest, from the Burns Company, George Burns, or Theodore B. Ford, either jointly or separately, or it could demand payment of one half from one party or one half from another, as it did in the instant case. It had an unquestionable right to demand payment of the entire amount of these notes from Theodore B. Ford were he living, and it necessarily follows it could demand the same payment from his executor or administrator upon his decease. If it chose to split its claim for payment, demanding one half from Burns and the remaining one half from Ford were he alive, there certainly could be no valid objection on the part of Ford, as he was legally bound to the payment of the whole. The Bridgeport Trust Company, therefore, having a valid and unquestionable claim against Ford, were he living, of $33,947.47, had an absolute

right to present the claim against the estate of Ford, and the executrix was equally bound to receive it, and as it was a valid and existing obligation of her decedent, it must necessarily be allowed. Whether Ford died testate or intestate, the obligation to pay his debt remained the same.

Under the provisions of article third of the will of the decedent, Ford, all of his interest and corporate holdings were given to George Burns, the joint indorser with the deceased upon these notes held by the Bridgeport Trust Company, provided that he, Burns, pay to the executor of Ford's estate the sum of $25,000 and personally assume all outstanding debts and liabilities of the Burns Company, for which liability might attach to his estate; excepting the payment of "those outstanding notes of The Burns Company which have been endorsed by the said George Burns and by me jointly." Then follows this language: "As to these notes, if said Burns shall elect to take my interest in The Burns Company as aforesaid, it is my will that one-half of the indebtedness thereon shall be paid by my estate and said The Burns Company saved harmless therefrom." It is agreed that Burns did elect to take the interest of the deceased, Ford, in the Burns Company, and it is the contention now of his widow, the appellant from the order allowing the administration account, that the direction in this article third that "it is my will that one-half of the indebtedness" on these notes jointly endorsed "be paid by my estate and said the Burns Company saved harmless therefrom," is a bequest to the Burns Company, and not to be treated as a claim against the decedent's estate. These provisions of the will are a specific recognition of the obligation of the testator to the Trust Company and a specific direction that if Burns paid the $25,000 and assumed the liabilities of the Burns Company, except one half of these notes, his estate should

pay this amount. This direction constituted a recognition of this claim under these circumstances. There existed, therefore, a valid and binding indebtedness on the part of the decedent, Ford, to the Bridgeport Trust Company, arising out of his endorsement of the notes of the Burns Company, and his direction in his will that this indebtedness be paid by his estate cannot affect the rights of the creditor, the Trust Company. This indebtedness must be paid, whether Ford died testate or intestate, and his direction in his will that it be paid does not change or alter its legal status. Ford gave nothing to the Burns Company, as he was obligated by law to pay this indebtedness, and therefore it necessarily follows that there was no bequest to the Burns Company.

The Superior Court is advised to answer questions one and six in the affirmative, and questions two, three, four and five in the negative.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.