[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case presents the question: Is there a difference between a mortgage given to secure an obligation of the mortgagor and one given without personal obligation to secure the indebtedness of a third person?
The facts are virtually undisputed.
 "1. On August 14, 1987, the Defendants, Matrix Development Corporation, acting by Gene S. Manheim, its President, duly authorized, Stephen P. Lawrence and Gene S. Manheim owed the Plaintiff three hundred fifty thousand ($350,000.00) dollars as evidenced by their Commercial Revolving Loan Agreement and Promissory Note dated on said date and payable to the order of the Plaintiff, together with interest at the rate of twelve (12%) percent per annum and together with all costs of collection, including a reasonable attorney's fee, in the event of foreclosure of the Mortgage securing said Note (hereinafter `the Note').
 2. On said date, by deed of that date, the Defendant, Gail Lawrence, to secure said Note, Mortgaged to the Plaintiff the real estate as described in Exhibit `A' of the Plaintiff's Complaint. Said deed is conditioned upon the payment of the Note according to its tenor and was recorded on August 17, 1987, in Volume 906, Page 58 of the Westport Land Records (hereinafter `Mortgage'). CT Page 7317
 3. On August 18, 1989, the Defendants, Matrix Development Corporation, acting by Gene S. Manheim, its President, duly authorized, Stephen P. Lawrence, Gene S. Manheim and Gail Lawrence, entered into certain Agreement to Extend and Modify Construction Revolving Loan Agreement and Promissory Note and Open-End Mortgage which was recorded on August 25, 1989 in Volume 1020, Page 233 of the Westport Land Records (hereinafter the `Loan Modification').
 4. The Note, Mortgage and Loan Modification are still owned by the Plaintiff and the debt is in default and payable in full. As of the date of the Complaint, the principal balance of the Defendants' indebtedness was $350,000.00, together with interest and late fees.
 5. The Defendants have defaulted under the terms of the Note, Mortgage and Loan Modification.
 6. The Defendants, Stephen P. Lawrence and Gail Lawrence, are in possession of said premises described in Exhibit `A' of the Complaint."
See paragraphs 1-6 of pp. 1-3 of Plaintiff's Memorandum in Opposition to Motion to Strike filed July 30, 1991.
The defendant, Gail Lawrence, has moved to strike the complaint on the grounds that it fails to allege the existence of any underlying debt as between her and the plaintiff. "The complaint does not allege that Mrs. Lawrence signed the Note, received any of the loan proceeds, guaranteed the debt, or otherwise created any obligations to the Plaintiff which the Mortgage could secure." Defendant's Brief in Support of Motion to Strike, p. 6. In the absence of the existence of any obligation underlying and securing the mortgage, the defendant argues that the complaint fails to state a claim upon which relief may be granted.
The plaintiff responds that in the mortgage Mrs. Lawrence "specifically recognizes and acknowledges that it secures all advances made pursuant to the Commercial Revolving Line of Credit and Promissory Note." The plaintiff also interprets the defendant's claim as one of lack of consideration which is a defense and should not be tested by a motion to strike. The plaintiff further contends that there was indeed consideration CT Page 7318 as referenced in the Mortgage: "for consideration of a $350,000.00 Commercial Revolving Line of Credit, received to her full satisfaction from The State Street Mortgage Company . . . ." Additionally, the Loan Modification provides that either the "Borrower" or the "Mortgagor" may make principal payments to the Plaintiff. Clearly then the specific recitals as to the underlying debt demonstrate the existence of sufficient consideration. (Plaintiff's Brief in Opposition, pp. 5-7). The consideration need not move from the mortgagee to the mortgagor; Fisher v. Lehrer, 149 Conn. 16, 111 (1961); Molk v. Micklewright, 151 Conn. 606 (1964).
The parties agree that the mortgage must secure a debt and that there must be consideration for the debt. They obviously disagree as to whether the mortgagor also must be an obligor in order for the mortgage to be valid. There is nothing in either the common law standards (see Conn. National Bank v. Esposito,210 Conn. 221, 223 (1989) or the relevant statutes (see Conn. Gen. Stats. 49-1 et seq.) that even hint at such a requirement.
 "A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this State action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit. Mechanics Bank v. Johnson, 104 Conn. 696, 701, 134 A. 231: German v. Gallo, 100 Conn. 709, 711, 124 A. 837; Staples v. Hendrick, 89 Conn. 100, 93 A. 5." Atlas Realty Corp. v. House, 120 Conn. 661, 671
(1936).
Statutes which pertain to mortgages, debt, note or obligation do, where pertinent, observe the distinction. See Conn. Gen. Stats. 49-1 et seq. Therefore, in the absence of any indication that there exists a requirement of unity of identity, the Defendant's Motion to Strike is denied.
KATZ, JUDGE