[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has stipulated that the allegations in the plaintiff's complaint may enter in favor of the plaintiff. That, there is due to the plaintiff the total sum of $120,639.94 together with per diem charges of $30.85 from October 28, 1991 through March 15, 1994. Also, the parties stipulated to plaintiff's attorney's fees of $1,600.00
The defendant claims, however, that he is entitled to a set-off against this total debt, charges and fees.
The defendant's claim of set-off raises the issue: is the plaintiff second mortgagee subject to the penalty provisions of General Statutes § 49-28?
It is submitted that despite the literal language of the statute, the Connecticut Supreme Court has interpreted § 49-28
to apply only to foreclosing mortgagees, and therefore the plaintiff herein is not subject to its penalty provisions.
The plaintiff, General Electric Employees Federal Credit Union (G.E.), commenced this action on March 8, 1993, to recover from the defendant, Peter Zakrzewski, on a $95,000.00 promissory note. The defendant had been in default on the note since October of 1991.
The debt that was the subject of this litigation was secured by a second mortgage on property owned by the defendant in Plainville, Connecticut. The holder of the first mortgage commenced an action seeking strict foreclosure. G.E. appeared in this action and moved for foreclosure by sale. The court granted this motion.
The appraised value of the property was $283,000.00, but the foreclosure sale brought in only $191,000.00. The defendant now seeks to have his debt reduced, or setoff, by $45,950.00 pursuant to General Statutes § 49-28.[1]
CT Page 5207
The defendant argues that the debt owed to the plaintiff must be credited by one-half pursuant to General Statutes § 49-28, which provides in relevant part:
 If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and when there are or more debts to which it is to be applied, it shall be apportioned between them.
General Statutes § 49-28.
Under this statutory framework, the parties to a foreclosure by sale will, in certain situations, divide the difference between the value of the property as appraised and the selling price. That is, when the property is appraised at a higher value than is realized on the sale, the debtor is entitled to a credit in the amount of one half of the difference between the appraised value and the sales price.
The issue presented in this case is whether these provisions apply when the foreclosure by sale is requested not by the foreclosing mortgagee but rather by a subsequent lienholder. The defendant relies on the plain language of the statute and argues that no distinction is drawn between a foreclosing mortgagee and a subsequent lienholder; the penalty provisions of § 49-14 apply whenever the sales proceeds are less than the appraised value. The plaintiff argues that the penalty provisions apply only to the foreclosing party (holder of the first mortgage).
The Connecticut Supreme Court resolved this dispute in Staples v. Hendrick, 89 Conn. 100 (1915). In that case the court decided that the language of the predecessor statute to § 49-28 applied only to the foreclosing party and did not apply CT Page 5208 to subsequent lien holders who sought a foreclosure by sale. Id., 105. The court pointed out that this was a logical construction to give to the statute, noting that in many cases a sale would be the only practical way for a subsequent lienholder to protect its interest. If redemption were its only option the cost off [of] having to pay off a large prior encumbrance could be prohibitive. Id., 106-07. See People's Bank v.Beaulieu, 6 CSCR 1132 (November 18, 1991, Freed, J.).
Although the defendant's argument that the penalty provisions of § 49-28 apply in this case according to the language of the statute is not without merit, this case falls squarely within the holding of Staples v. Hendrick, supra. Staples is controlling on the issue of the applicability of the penalty provisions of § 49-28. They do not apply to G.E., the second mortgagee, and the defendant is therefore not entitled to his claimed setoff.
Therefore, judgment may enter for the plaintiff on the complaint and on the defendant's set-off in the sum of $120,639.59 together with attorney fees of $1,600.00, and court costs.
JULIUS J. KREMSKI STATE TRIAL REFEREE