## GENERAL ELECTRIC EMPLOYEES FEDERAL CREDIT UNION *v.* PETER S. ZAKRZEWSKI (15181)

Peters, C. J., and Callahan, Berdon, Norcott and Palmer, Js.

Argued December 6, 1995—decision released January 23, 1996

*David E. Koskoff*, for the appellant (defendant).

*John B. Nolan*, with whom were *Kent I. Scott-Smith* and, on the brief, *James J. Tancredi*, for the Connecticut Bankers Association as amicus curiae.[1]

PER CURIAM. The sole certified issue in this civil appeal is whether a junior lienor, who moved for a foreclosure by sale that resulted in a sales price less than the appraised value of the property, is subject to the statutory setoff provided for in General Statutes § 49-28.[2] In *Staples* v. *Hendrick*, 89 Conn. 100, 93 A. 5

---

[1] The court is grateful to the amicus curiae for preparing a brief and participating in oral argument in this case.

[2] General Statutes § 49-28 provides: "When proceeds of sale will not pay in full. If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same who is a party to the cause and has been served with process or has appeared therein, and all persons liable to pay the debt secured by the mortgage or lien may be made

(1915), this court construed the predecessor statute to impose no such setoff on junior, nonforeclosing lienors. The defendant, Peter S. Zakrzewski, asks us to overrule this holding. We decline to do so.

The underlying facts are undisputed. The plaintiff, General Electric Employees Federal Credit Union, brought an action to recover on a promissory note with a face value of $95,000, on which the defendant was concededly in default.[3] The promissory note had been secured by a second mortgage on real property located in Plainville. The first mortgagee initiated a foreclosure action with respect to this property and moved the court for a strict foreclosure. The plaintiff, however, moved for a foreclosure by sale and the court so ordered. Even though the property had earlier been appraised at $283,000, at the foreclosure sale the only bid for the property was for $191,000. The foreclosure sale was subsequently approved without objection.

The defendant claimed that, by virtue of § 49-28, he was entitled to a setoff of $49,950 against his outstanding debt to the plaintiff, an amount that is one half of the difference between the appraised value of the property and its sales price. Section 49-28 provides in relevant part: "If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage

parties; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment is finally rendered therein, the other proceedings shall forthwith abate. If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them."

[3] By the time the trial court rendered its decision, uncontested interest and per diem fees had increased the defendant's indebtedness to $120,639.94 plus attorney's fees of $1600.

or lien thereby foreclosed . . . judgment may be rendered in the cause for the deficiency . . . . If the property has sold [at the foreclosure sale] for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them."

Relying on our decision in *Staples* v. *Hendrick*, supra, 89 Conn. 100, the trial court ruled that the plaintiff was entitled to recover its debt in full, without a setoff for the shortfall at the foreclosure sale. In *Staples*, we considered whether, under a predecessor statute to § 49-28, in circumstances concededly indistinguishable from the present case, the debtor had a statutory right to a setoff when a junior encumbrancer successfully had moved for a foreclosure by sale. We concluded that the statutory credit afforded to the debtor for "one half the difference between the appraised value and the selling price" was intended by the legislature to operate as a setoff only "on the debt or debts secured *by the mortgage or lien foreclosed*, as distinguished from any subsequent mortgage or lien." (Emphasis added.) *Staples* v. *Hendrick*, supra, 105. Our decision rested in part on the fact that the legislature, in the immediately preceding section, had differentiated between "the mortgage or lien foreclosed" and "any subsequent mortgage or lien." (Internal quotation marks omitted.) Id.; see General Statutes § 49-27. The trial court, in accordance with *Staples*, denied the defendant's claim to a setoff and

rendered judgment in favor of the plaintiff for the full amount of the indebtedness.

The defendant appealed from the judgment of the trial court to the Appellate Court, which affirmed the judgment in a per curiam opinion also relying on *Staples. General Electric Employees Federal Credit Union* v. *Zakrzewski,* 36 Conn. App. 927, 650 A.2d 180 (1994). We granted the defendant's petition for certification to appeal in order to determine whether we should reconsider the merits of that decision.[4] We affirm the judgment of the Appellate Court.

"Stare decisis gives stability and continuity to our case law. This court, however, has recognized many times that there are exceptions to the rule of stare decisis. Principles of law which serve one generation well may, by reason of changing conditions, disserve a later one. . . . Experience can and often does demonstrate that a rule, once believed sound, needs modification to serve justice better. . . . The adaptability of the common law to the changing needs of passing time has been one of its most beneficent characteristics. A court, when once convinced that it is in error, is not compelled to follow precedent. . . . If, however, stare decisis is to continue to serve the cause of stability and certainty in the law—a condition indispensable to any well-ordered system of jurisprudence—a court should not overrule its earlier decisions unless the most cogent reasons and inescapable logic require it. . . . This is especially true when the precedent involved concerns the interpretation or construction of a statute." (Citations omitted.) *Herald Publishing Co.* v. *Bill,* 142 Conn. 53, 62, 111 A.2d 4 (1955); see *Kluttz* v. *Howard,* 228 Conn. 401, 406, 636 A.2d 816 (1994); *White* v. *Burns,* 213 Conn. 307, 335–36, 567 A.2d 1195 (1990).

[4] We granted the defendant's petition for certification to appeal, limited to the following issue: "In the circumstances of this case, should this court overrule *Staples v. Hendrick,* 89 Conn. 100 (1915)?" *General Electric*

In the circumstances of this case, we are not persuaded that the defendant has presented "the most cogent reasons and inescapable logic"; *Herald Publishing Co.* v. *Bill,* supra, 142 Conn. 62; for overruling *Staples.* On the one hand, a junior lienor has an economic need for access to foreclosure by sale in order to protect its security interest; the only other way in which such a lienor can protect its interest is by exercising its right to redeem, and that right may be functionally unavailable for financial reasons. See *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 490, 538 A.2d 1027 (1988). On the other hand, if improprieties at the foreclosure sale raise questions about its validity, the debtor may move the court, pursuant to General Statutes § 49-26,[5] to exercise its equitable power to withhold ratification of the sale. See *Mariners Savings Bank* v. *Duca,* 98 Conn. 147, 152–54, 118 A. 820 (1922). Notably, the record in this case does not contain any objection by the defendant to judicial approval of the foreclosure sale.

The judgment is affirmed.

---

*Employees Federal Credit Union* v. *Zakrzewski,* 232 Conn. 905, 653 A.2d 193 (1995).

[5] General Statutes § 49-26 provides: "Conveyance; title of purchaser. When a sale has been made pursuant to a judgment therefor and ratified by the court, a conveyance of the property sold shall be executed by the person appointed to make the sale, which conveyance shall vest in the purchaser the same estate that would have vested in the mortgagee or lienholder if the mortgage or lien had been foreclosed by strict foreclosure, and to this extent such conveyance shall be valid against all parties to the cause and their privies, but against no other persons. The court, at the time of or after ratification of the sale, may order possession of the property sold to be delivered to the purchaser and may issue an execution of ejectment after the time for appeal of the ratification of the sale has expired."